J-S47021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRED MAGONDU | |
| Appellant | No. 729 EDA 2017 |

Appeal from the PCRA Order January 26, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005079-2008

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                    **FILED SEPTEMBER 19, 2017**

Fred Magondu appeals from the January 26, 2017 order entered in the Bucks County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  In lieu of an advocate's brief, Magondu's counsel has filed a **_Turner_**/**_Finley_**[1] "no-merit" letter and a motion to withdraw as counsel.  We affirm the PCRA court's order and grant counsel's motion to withdraw.

On January 6, 2009, Magondu pled guilty to rape of a mentally disabled person, involuntary deviate sexual intercourse with a mentally disabled person, involuntary deviate sexual intercourse with a person less than 16 years of age, sexual assault, indecent assault of a mentally disabled

---

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988) and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

person, indecent assault of a person less than 16 years of age, corruption of minors, and unlawful contact with a minor (sexual offense).[2]  On April 8, 2009, the trial court sentenced Magondu to 10 to 20 years' incarceration for the rape conviction and a consecutive 2½ to 5 years' incarceration for the corruption of minors conviction.  The trial court imposed no further penalty for the remaining convictions.  On April 17, 2009, Magondu filed a post-sentence motion to reconsider sentence, which the trial court denied.  Magondu did not file a direct appeal.

On February 27, 2015, Magondu filed a *pro se* PCRA petition.  On May 14, 2015, the PCRA court appointed counsel.  On May 27, 2015, the Commonwealth filed a petition to dismiss Magondu's PCRA petition without a hearing.  On July 20, 2015, PCRA counsel filed a motion for a hearing, which the PCRA court granted.  On July 13, 2016, the PCRA court held a hearing on the petition, during which Magondu clarified his claims on the record, but did not present evidence.

On September 27, 2016, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907.  On January 27, 2017, the PCRA court dismissed Magondu's petition.  On February 21, 2017, Magondu timely filed a notice of appeal.  On March

---

[2]  18 Pa.C.S. §§ 3121(a)(5), 3213(a)(5), 3123(a)(7), 3124.1, 3126(a)(6), 3126(a)(8), 6301(a)(1)(ii), and 6318(a)(1), respectively.

20, 2017, PCRA counsel filed a statement of intent to file a **Turner**/**Finley** letter under Pennsylvania Rule of Appellate Procedure 1925(c)(4).

Before we may address the merits of Magondu's appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under **Turner**/**Finley**. Counsel must

> file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he or she has the right to proceed *pro se* or with privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

In her no-merit letter, PCRA counsel states that she reviewed the record, identifies the issues that Magondu wishes to raise, and explains why the issues are meritless. PCRA counsel also mailed a copy of the petition and no-merit letter to Magondu and informed him that, if he sought to continue the appeal, Magondu could retain private counsel or proceed without counsel. We conclude that PCRA counsel has complied with the dictates of **Turner**/**Finley**.

The **Turner**/**Finley** letter lists three issues, which are the same issues raised in Magondu's *pro se* PCRA petition:

> (1)  The lower court erred when it imposed consecutive instead of concurrent sentences for the charges of rape of a person with mental

> disability and corruption of minors in violation of legal precedent and the Double Jeopardy clause.
>
> (2) The court imposed an illegal mandatory sentence in violation of the [Sixth] Amendment and pursuant to the United States Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2160 (2013), as applied in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014).
>
> (3) Plea counsel was ineffective for failing to challenge the illegal sentence imposed by the lower court.

**Turner**/**Finley** Ltr. at 3-4. In her **Turner**/**Finley** letter, counsel concludes that Magondu's issues are meritless because his petition was not timely filed and the PCRA court was without jurisdiction to consider it. We agree.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Magondu's judgment of sentence became final on May 8, 2009, when his time to seek review in this Court expired.[3] He had one year from that date, or until May 10, 2010,[4] to file a timely PCRA petition. Therefore, his current petition, filed on February 27, 2015, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition

---

[3] Magondu had 30 days from his judgment of sentence to file a notice of appeal with this Court. *See* Pa.R.A.P. 903(a).

[4] May 8, 2010 was a Saturday. Therefore, Magondu had until the next business day, Monday, May 10, 2010, to file a timely petition. *See* 1 Pa.C.S. § 1908.

must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his petition, Magondu asserted that he established a time-bar exception[5] because the trial court imposed an illegal mandatory minimum sentence under section 9718 of the Sentencing Code[6] and he filed his PCRA petition within 60 days of this Court's decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016), where we held that section 9718 violated the Sixth Amendment to the United States Constitution under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). We disagree.

Our Supreme Court has held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See Commonwealth v.*

_____

[5] In his petition, Magondu also asserted that he met a time-bar exception because "he had no [legal] help and was unfamiliar with the law or his rights." PCRA Pet., 2/27/15, at 8. Magondu asserts that he did not know about the issues of his case until November 2014, when he began frequenting the prison law library, and acted with due diligence from that point on when he determined that *Alleyne* may be applicable to his mandatory minimum sentence. *Id.* at 8-9.

To the extent that Magondu argues that his petition meets the "new facts" exception, his argument is meritless. It is well settled that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

[6] Section 9718 of the Sentencing Code provided mandatory minimum sentences for persons who were convicted of sexual or violent crimes against children. This mandatory minimum sentencing provision is now unconstitutional. *See Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

***Washington***, 142 A.3d 810, 820 (Pa. 2016). Further, while our Supreme Court upheld this Court's decision in ***Wolfe***, the Supreme Court has not determined that ***Wolfe*** announced a new rule of criminal law that applies retroactively on collateral review. Thus, Magondu cannot use ***Alleyne***-based grounds to bring his claim within the third time-bar exception.

Because Magondu's petition is untimely and does not meet any of the time-bar exceptions, we conclude that the trial court did not abuse its discretion in dismissing Magondu's petition.[7] Further, we grant counsel's motion to withdraw.

Order affirmed. Motion to withdraw granted.

_____

[7] On March 29, 2017, Magondu filed a motion for remand with this Court, requesting leave to file a new Rule 1925(b) statement *nunc pro tunc* or the appointment of new PCRA counsel. Magondu asserted that his PCRA counsel was ineffective for filing a Rule 1925(c)(4) statement of intent to file a ***Turner***/***Finley*** letter and petition to withdraw. On April 24, 2017, we denied this motion without prejudice to Magondu's right to reapply for the requested relief if counsel filed a ***Turner***/***Finley*** letter and petition to withdraw. After counsel filed these documents, on June 15, 2017, Magondu reapplied for relief, asserting the same ineffectiveness claim from his March 29, 2017 motion. Because "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter," ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa.Super. 2012), we deny Magondu's June 15, 2017 motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/19/2017</u>